IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WHEATON COLLEGE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:13-CV-08910 ) |
| U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, *et al.* | ) ) ) ) |
| Defendants. | ) ) ) |

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION**

In addition to opposing defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment and cross-moving for summary judgment, *see* ECF No. 41, plaintiff has moved the Court under Federal Rule of Civil Procedure 56(d) to "deny or defer Defendants' motion until [plaintiff] has had an adequate opportunity to seek discovery on these issues" despite conceding that "[plaintiff] agrees there are available ways to resolve the case without discovery." Pls.' Rule 56(d) Mot. at 2, ECF No. 43. In support of its Rule 56(d) motion, plaintiff argues it is entitled to discovery: (1) because no discovery has taken place in this case; (2) to prove that the challenged regulations were the result of "intentional discrimination"; and (3) to determine whether the administrative record is complete. None of these arguments provides a basis for granting Rule 56(d) relief in this case, particularly where plaintiff itself acknowledges that the case can be resolved without discovery and seeks relief under Rule 56(d) only in the event that its motion for summary judgment is denied.

Defendants have moved to dismiss plaintiff's complaint because, as a purely legal matter, it fails to state any viable claim for relief. No discovery is needed to resolve defendants' motion

to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). But even if the Court were to consider the cross-motions for summary judgment, review would be limited to the administrative record, *see* ECF No. 38, and no discovery would be appropriate. Judicial review of the challenged regulation under Fed. R. Civ. P. 56 should be based on the administrative record.

## **ARGUMENT**

In order to obtain relief under Rule 56(d), plaintiff has the burden of showing both (1) "why additional discovery is necessary," and (2) "how additional discovery will create a genuine issue of material fact." *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001); *Robert Half Int'l, Inc. v. Burlingame*, No. 4:12-CV-2621, 2013 WL 3480834, *2 (S.D. Tex. July 9, 2013). A fact is material if it is determinative of an element essential to the outcome of the case, and such elements are defined according to the substantive law governing the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

At the outset, the Court should reject plaintiff's Rule 56(d) motion because it ignores the obvious fact that defendants have *moved to dismiss all of plaintiff's claims*. Defendants' arguments in support of dismissal rely only on the pleadings, documents incorporated by reference into the complaint, and judicially noticeable matters—all of which the Court may consider in reviewing a motion to dismiss—and involve questions of law, not fact. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also, e.g., O'Brien v. U.S. Dep't of Health & Human Servs.*, 894 F. Supp. 2d 1149 (E.D. Mo. 2012) (dismissing similar claims under RFRA, the Free Exercise Clause, the Establishment Clause, the Free Speech Clause, and the APA), *appeal pending*, No. 12-3357 (8th Cir.). Defendants seek summary judgment only in the alternative and only "[t]o the extent the Court *must* consider the

2

administrative record."[1]  As defendants have explained elsewhere, however, the Court need not consider the administrative record in order to dismiss each of plaintiff's claims.  *See* Defs.' Reply at 6.  Furthermore, the possibility that the Court will disagree, and may eventually decide to review the administrative record in order to resolve a particular claim, is not grounds for converting defendants' motion *entirely* into one for summary judgment, much less for allowing discovery outside that record as plaintiff seeks.  Thus, Rule 56(d) is not grounds to defer or deny defendants' dispositive motion, which seeks dismissal of all of plaintiff's claims.

Even if the Court determines that it must consider the administrative record in resolving some aspect of defendants' motion to dismiss or, in the alternative, for summary judgment, discovery would not be warranted—much less necessary as plaintiff claims.  First, plaintiff challenges agency regulations that are the product of a rulemaking, and judicial review should be limited to the administrative record.  *See United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963).  Defendants have produced the administrative record in this case.  *See* Cert. Admin. Record, ECF No. 38.  Furthermore, defendants have made clear that the administrative record contains all non-privileged information that the agencies considered in promulgating the regulations plaintiff challenges, and thus any discovery outside of that record is not relevant to plaintiff's claims.  *See generally Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).  The "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," *Camp v. Pitts*, 411 U.S. 138, 142 (1973), especially

---

[1] *See* Defs.' Mot. to Dismiss or, in the Alt., for Summ. J., ECF No.26, at 9.

where, as here, defendants intend to rely solely on the administrative record for purposes of defending against all of plaintiff's claims.

Second, plaintiff has not met their burden of demonstrating that the discovery they seek "is necessary" *or* how it "will create a genuine issue of material fact." *Canady*, 240 F.3d at 445. Plaintiff's Rule 56(d) motion is built on the notion that, insofar as defendants seek summary judgment, certain of plaintiff's claims cannot be resolved in defendants' favor because plaintiff wants discovery to "explore" whether the challenged regulations and accommodation were the result of "intentional discrimination" by the government. Pls.' Rule 56(d) Mot. at 1, 3. Defendants promulgated the challenged regulations to improve the health of women and newborns and to promote gender equality, consistent with the statutory requirements in 42 U.S.C. § 300gg-13(a)(4), and have made extensive efforts to accommodate religion by creating the religious employer exemption and additional accommodations for eligible non-profit religious organizations such as plaintiff. *See* Defs.' Mem. at 4-9; Defs.' Reply at 38. Yet plaintiff contends that several counts in their amended complaint should not be resolved at this stage because, in plaintiff's view, defendants' subjective motivation and whether it demonstrates "intentional discrimination" is relevant to these claims and requires discovery. Pls.' Rule 56(d) Mot. at 3-7 (discussing free exercise, Establishment Clause, free speech, equal protection, and APA counts). But allegations of intentional discrimination in defendants' motivations are not relevant to any of plaintiff's claims. The Court should reject plaintiff's unsupported attempt to delay review of these claims for several reasons, discussed below.

*Free Exercise*: To the extent plaintiff purports to allege a free exercise violation based upon intentional discrimination, *see* Compl. ¶¶ 226-31 (Count III), such a claim does not turn on the government's subjective motivation or intent. Rather, courts assess the text and the effect of

laws to determine if they are neutral and generally applicable. As explained in Section II.B, a law does not violate the Free Exercise Clause if it is neutral and generally applicable. *See Church of the Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 531 (1993). A law is neutral if it has as its object something other than the disapproval of a particular religion, or of religion in general; and a law is generally applicable if it does not selectively impose burdens only on conduct motivated by religious belief. *Id.* at 533, 535-37, 545. This test does not require—indeed, does not permit—inquiry into the subjective motives of legislators or administrators. *See, e.g.*, *Grossbaum v. Indianapolis-Marion Cnty. Bldg. Auth.*, 100 F.3d 1287, 1292-94 & n.3 (7th Cir. 1996).

In discussing the role of motive in constitutional doctrine, the Seventh Circuit has explained that "[t]he subjective motivations of government actors should . . . not be confused with what the Supreme Court referred to, in a Free Exercise Clause case, as the 'object' of a law." *Id.* at 1292 n.3 (quoting *Lukumi*, 508 U.S. at 533). The Seventh Circuit noted that, in concluding that the ordinances at issue in *Lukumi* impermissibly had as their object the suppression of religion, the Supreme Court analyzed the text and the effect in real operation of the ordinances, not the motive behind them. *Id.* (explaining that Justice Kennedy's investigation into motive was joined by only one other Justice); *see also Lukumi*, 508 U.S. at 540-42 (Section II.A.2 of opinion). As Justice Scalia explained in his concurring opinion in *Lukumi*, the Free Exercise Clause "does not refer to the purposes for which legislators enact laws, but to the effects of the laws enacted: 'Congress shall make no law . . . prohibiting the free exercise [of religion] . . . .'" 508 U.S. at 558. The Free Exercise Clause, therefore, "does not put [courts] in the business of invalidating laws by reason of the evil motives of their authors." *Id.* "Just as [courts] would never uphold a law with unconstitutional effect because its enactors were

5

benignly motivated, an illicit intent behind an otherwise valid government action indicates nothing more than a failed attempt to violate the Constitution." *Grossbaum*, 100 F.3d 1293; *see also Lukumi*, 508 U.S. at 558-59 (Scalia, J., concurring in part and concurring in the judgment); *United States v. O'Brien*, 391 U.S. 367, 383 (1968) (observing in a free speech case that "it is a familiar principle of constitutional law that this Court will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive").

Controlling precedent makes clear that the subjective motivation of government employees is not an element of a Free Exercise Clause claim; therefore, plaintiff is not entitled to any discovery to support its (purported) intentional discrimination theory. In fact, under applicable legal authority, Count III of the complaint should be dismissed, or summary judgment should be entered in the government's favor based on the content of the regulations alone, and, if necessary, review of the administrative record.

*Establishment Clause:* Likewise, the Establishment Clause does not support plaintiff's request for discovery and attempt to avoid disposition of their claims. "Establishment Clause analysis does not look to the veiled psyche of government officers." *McCreary Cnty., Ky. v. Am. Civil Liberties Union of Ky.*, 545 U.S. 844, 863, 125 (2005). In fact, plaintiff has moved for summary judgment on their Establishment Clause claim, arguing that the regulations discriminate among religions based on *the text of the regulations at issue*. *See* Pl.'s Mem. 9-12, 30-32. Plaintiff offers no bases for this Court to delay review of their Establishment Clause claims, nor could they. Every court to decide similar Establishment Clause challenges to the prior version of these regulations has reviewed (and rejected) such challenges by examining the text of the regulations. *See* Defs.' Mem. at 36-37 (citing cases). This Court should do the same.

*Free Speech:* Similarly, plaintiff's purported free speech claim based upon intentional discrimination lacks merit and certainly does not require any discovery. As noted above, the Supreme Court has stated in a free speech case that "it is a familiar principle of constitutional law that this Court will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive." *O'Brien*, 391 U.S. at 383. Plaintiff offers no contrary argument; instead, it merely invokes the familiar principles that the government may not regulate speech based upon its content or message, or engage in viewpoint discrimination. *See* Pls.' Rule 56(d) Mot. at 3. But those general principles do not support plaintiff's suggestion that its claims require discovery. Whether a law is content- or viewpoint-neutral, or compels or silences speech, is readily determined by examining its text. Plaintiff's own case citation is illustrative. *See Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819 (1995) (finding that express terms of challenged guidelines discriminated based on viewpoint); *id.* at 823-27 (reviewing content of guidelines). The Court can and should resolve plaintiff's free speech claims—as has every other court to review similar challenges—by examining the text of the regulations plaintiff challenges.

*Equal Protection and Administrative Procedure Act (APA):* Finally, and for similar reasons, the Court should reject plaintiff's arguments that resolution of its Equal Protection and APA claims requires discovery.[2] To the extent plaintiff attempts to establish intentional discrimination—or any colorable claim under the APA—by pointing to its unsubstantiated allegation that defendants did not review one comment of the 400,000 it received, as defendants

---

[2] Although defendants' believe that the arguments made here in opposition to plaintiff's Rule 56(d) motion are sufficient to defeat that motion, they are not exhaustive. Should the Court grant plaintiff's Rule 56(d) motion in whole or in part, defendants reserve the right to raise these and other objections to any discovery that plaintiff seeks.

7

argue in their motion, this argument is baseless.[3] The APA does not require federal agencies to expressly respond to every individual comment received during the comment period. *See* Def. Mot. 18-20.

Finally, plaintiff asserts that their Rule 56(d) motion should be granted because they would like to take discovery concerning the completeness of the administrative record. These arguments are also unavailing, even if the Court determines that it must consider the administrative record in order to resolve defendants' dispositive motion. In an action challenging the validity of agency regulations, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing Court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The agency supplies the court with the record of the materials that were before the agency at the time of the challenged action. *See Fla. Power & Light v. Lorion*, 470 U.S. 729, 744 (1985). "[A]bsent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (citations omitted); *see also State of Del. Dep't of Nat. Res. & Envtl. Control v. U.S. Army Corps of Eng'rs*, 722 F. Supp. 2d 535, 542 (D. Del. 2010); ("[S]upplementation of the administrative record is an exceptional request."); *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012) ("Supplementation of the record as designated by the agency is [ ] the exception, not the rule."); *Wildearth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1254 (D. Colo. 2010) ("A party attempting to

---

[3] Similarly, plaintiff's allegation that defendants have "presented no rational basis" for the regulations ignores the agencies' articulation of their reasoning in the preamble to the final rule and defendants' arguments in their memorandum. *See* Def. Mem. 19-22, 30.

convince a reviewing court to expand the scope of its review properly bears a sizeable burden if it is to convince the court to forego the customary deference owned an agency's determination of what constitutes the record.").

Plaintiffs seeking to challenge an administrative record "must put forth concrete evidence to show that the record was not properly designated." *Pac. Shores Subdivision*, 448 F. Supp. 2d at 7; *see also Midcoast Fishermen's Ass'n v. Gutierrez*, 592 F. Supp.2d 40, 44 (D.D.C. 2008); *WildEarth Guardians v Salazar*, 670 F. Supp. 2d 1, 5 (D.D.C. 2009). Merely "showing a theoretical possibility that other documents not in the record exist" is not enough to overcome the presumption that the agency properly compiled the record. *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 371 (D.D.C. 2007).

Although the Department of Health and Human Services ("HHS") regularly files certifications with administrative records as a matter of practice, as they did in this case, *see* ECF No. 38, there is no legal requirement that an administrative record be certified at all, much less that the individual certifying the administrative record have personal knowledge of everyone involved in considering, formulating, or reviewing a regulation or administrative decision, or that the individual have personally reviewed every document related to the rules' promulgation.

The presumption of regularity applied to administrative records is a specific manifestation of a principle that also has broader application in this case—the principle that courts should presume that public officers "have properly discharged their official duties." *United States v. Chem. Found.*, 272 U.S. 1, 14 (1926). It does not depend on any technical certification requirement. "Although . . . HHS . . . like many other federal agencies, files certifications with administrative records as a matter of practice, certifications are not required by the APA or any other law." *Banner Health v. Sebelius*, __ F. Supp. 2d ___, 2013 WL

9

2112169, *11 (D.D.C. May 16, 2013). The presence or absence of a certification does not have any talismanic significance, and the absence of a certification, or a complaint about the adequacy of certification, does not defeat the presumption of regularity. This is because the presumption of regularity has its roots in general principles of administrative law, not in some technical rule of evidence . *See Pac. Shores Subdivision Cal. Water Dist.*, 448 F. Supp. 2d at 5 (stating that the presumption of regularity accorded to administrative records is "the same presumption of regularity" accorded to other administrative procedures (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993))).

Indeed, courts have consistently rejected challenges to the completeness of an administrative record based on alleged deficiencies in the record's certification. For example, in *Ravulapalli v. Napolitano*, 840 F. Supp. 2d 200 (D.D.C. 2012), the District Court for the District of Columbia explained that a "lack of certification, without more, certainly does not rise to the level of 'clear evidence' necessary to overcome the presumption of regularity." *Id*. at 206; *Cnty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 77 (D.D.C. 2008) ("[B]ecause there is no legal authority compelling the defendants to certify an administrative record in the first instance, the Court has no basis for requiring the [defendants] to certify the Record now."); *TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) (rejecting the plaintiffs' argument that a "vague and inconclusive" certification rendered the administrative record inadequate), *aff'd sub. nom. TOMAC, Taxpayers of Mich. Against Casinos v. Norton*, 433 F.3d 852 (D.C. Cir. 2006).

Because there is no requirement that an administrative record be certified at all, much less that the individual certifying the administrative record have personal knowledge of everyone involved in considering, formulating, or reviewing a regulation or administrative decision, or that the individual have personally reviewed every document related to the rules' promulgation, there

is no basis for plaintiff to take discovery concerning that individual or to move to strike the certification. Moreover, even the absence of a certification would not call into question the completeness of the Administrative Record or provide a basis for discovery. Furthermore, there is no plausible argument that defendants' dispositive motion should be deferred, or that the Court should not consider the Record at this stage, based solely on plaintiff's desire to seek discovery regarding the HHS staff person who certified it.[4]

## CONCLUSION

Defendants respectfully request that the Court grant defendants' motion to dismiss or, in the alternative, for summary judgment, on all of plaintiff's claims, and deny plaintiff's motion for summary judgment.

Respectfully submitted this 15th day of May, 2014,

        STUART F. DELERY
        Acting Assistant Attorney General

        ZACHARY T. FARDON
        United States Attorney

        JENNIFER RICKETTS
        Director

        SHEILA M. LIEBER
        Deputy Director

          /s/ Julie S. Saltman
        JULIE S. SALTMAN (DC Bar No. 975015)
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue N.W., Room 7111

---

[4] Defendants also note that plaintiff has itself moved for summary judgment on their claims. The Court should at a minimum defer consideration of plaintiff's Rule 56(d) motion until after it considers defendants' motion to dismiss and plaintiff's cross-motion for summary judgment.

Washington, D.C. 20530
Tel: (202) 532-4252
Fax: (202) 616-8470
Email: Julie.saltman@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 15, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

                                                _/s/ Julie S. Saltman_____
                                                JULIE S. SALTMAN