IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WHEATON COLLEGE,<br><br>Plaintiff,<br><br>v.<br><br>SYLVIA M. BURWELL, Secretary, United States Department of Health and Human Services, *et al.*<br><br>Defendants. | Case No. 1:13-CV-08910 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO WHEATON COLLEGE'S EMERGENCY MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, MOTION FOR INJUNCTION PENDING APPEAL**

On June 23, 2014, this Court denied plaintiff Wheaton College's motion for a preliminary injunction, finding that plaintiff could not establish a likelihood of success on the merits of its claims under the Religious Freedom Restoration Act, the Free Exercise and Establishment Clauses of the First Amendment, the Administrative Procedure Act, and the Free Speech Clause of the First Amendment with respect to plaintiff's "compelled speech" claim. *See generally* Memorandum Opinion and Order [ECF No. 62] ("Order"). Although the Court found plaintiff could establish some likelihood of success on the merits of its Free Speech Clause challenge to the non-interference provision (what plaintiff calls "gag rule"), the Court correctly found that an injunction on that claim would only enjoin enforcement of that provision of the regulations against plaintiff, which was not the relief plaintiff sought in its motion. *Id*. at 15-17. Plaintiff again seeks a sweeping injunction of the entire regulatory scheme in its Emergency Motion to Reconsider or, in the Alternative, Motion for Injunction Pending Appeal ("Plaintiff's Motion"),

despite failing to establish any basis for reconsideration of the Court's order, and identifying no meritorious claim on which such relief could be granted. *See* Pl.'s Mot. [ECF No. 64]. The Court properly resolved plaintiff's claims in its thorough and well-reasoned opinion denying plaintiff relief, and plaintiff does not allege, nor can it show, that it meets the high bar for reconsideration of an interlocutory order.

Further, plaintiff makes no showing, nor can it, that it meets the standard for an injunction pending appeal, which is the same standard that applies to a request for preliminary injunctive relief under Federal Rule of Civil Procedure 65, because this Court found plaintiff could not establish a likelihood of success on the merits of its claims. Plaintiff's Motion is wholly meritless and should be denied.

## ARGUMENT

### I. Plaintiff cannot satisfy the demanding standard for reconsideration of an interlocutory order.

Plaintiff fails to identify the rule under which it moves for reconsideration. In fact, the Federal Rules of Civil Procedure do not provide for motions to reconsider interlocutory orders. *See* Fed. R. Civ. P. 59(e) (providing for motions to alter or amend a judgment); 60(b) (providing for relief from a "final judgment, order or proceeding"). Nevertheless, the Northern District of Illinois has recognized a "common law motion for reconsideration, which is not grounded upon any particular rule of procedure." *Neal v. Honeywell, Inc.*, No. 93-C-1143, 1996 WL 627616, at *2 (N.D. Ill. Oct. 25, 1996) (citing to published decisions allowing motions to reconsider interlocutory orders). However, a motion to reconsider an interlocutory order is only permitted in the unlikely event that the Court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

reasoning but of apprehension." *Id.* at *3, quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1192 (7th Cir. 1990). A motion to reconsider may also be based upon "a controlling or significant change in the law or facts since the submission of the issue to the Court," however, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Id.*

Plaintiff does not address whether its motion to reconsider meets this high standard; in fact, plaintiff merely asks the Court to reconsider its decision on the basis of the preliminary injunction standard—"at least for a short period of time to allow for further consideration of these issues"—despite this court's finding no likelihood of success on the merits of plaintiff's "compelled speech" claim, and no availability of the relief it requested on its challenge to the non-interference provision. *See* Pl.'s Mot. at 5. A motion to reconsider should not allow plaintiff to seek the same relief it was already denied on the basis of the same facts and legal arguments; such a motion does not meet the high bar to reconsideration. *See Bank of Waunakee*, 906 F.2d at 1192. To the extent plaintiff does anything more that rehash the same unsuccessful arguments it has extensively briefed in this case, the Court should not consider any new legal theories, because "a motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). Considerations of judicial efficiency advise against granting plaintiff reconsideration despite its failure to meet the standard for such relief. *See Continental Datalabel, Inc. v. Avery Dennison Corp.*, No. 09-C-5980, 2013 WL 1707945 at *6 (Apr. 19, 2013) (considerations of judicial efficiency preclude plaintiff from raising arguments in a motion for reconsideration it could have raised in summary judgment and did not). Because plaintiff cannot meet the high standard for reconsideration of an interlocutory order—and indeed plaintiff

has not even attempted to show that the standard is met—plaintiff's motion to reconsider should be denied.

## II. In addition to failing to meet the standard for reconsideration, plaintiff's motion lacks any meritorious argument for reconsideration of the Court's order.

Even if the Court reconsiders its order, plaintiff's motion presents no meritorious basis on which to disturb the Court's order.

### A. The Court correctly found that Wheaton cannot show a likelihood of success on the merits of its "compelled speech" claim.

Plaintiff seeks relief on its "compelled speech" claim, on the merits of which this Court found plaintiff had no likelihood of success. Plaintiff is, therefore, ineligible for the injunctive relief it seeks as a matter of law. The Court should not reconsider the merits of plaintiff's "compelled speech" claim, because plaintiff merely repeats the same arguments this Court rejected, as did every court to review a compelled speech challenge to the contraceptive-coverage regulations.[1] *See* Order at 15; *see also* Defs.' Mot. at 31, n. 25 (citing cases). Plaintiff's attempt to reframe the same argument previously rejected by this Court is unsuccessful; its argument remains that it objects to providing EBSA Form 700 to its TPA and insurer not because it disagrees with the statement on the form, but because it believes—incorrectly, as this Court found—that the form "triggers" provision of contraceptive coverage. In fact, this is speech in which plaintiff would engage even absent the contraceptive coverage requirement to ensure that it was not voluntarily covering contraceptives. Plaintiff concedes that

---

[1] Defendants incorporate by reference their arguments against this challenge submitted in their Memorandum in Support of their Motion to Dismiss, or In the Alternative, for Summary Judgment [ECF No. 26] ("Defs.' Mot."), and Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment, and Reply in Support of Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment [ECF No. 49].

it "has of course stated its religious objection both publicly and in this lawsuit," but claims that "[i]t is precisely because the Form contains *more* than a mere statement of religious objection that the Government so aggressively demands Wheaton sign the Form." Pl.'s Mot. at 8. Plaintiff claims it takes issue with—and defendants "believe the Form's importance derives from" — "the rest of the document," but points to no specific language in the rest of the document to which it has objections. The truth is that plaintiff is required to sign EBSA Form 700 and provide it to its TPA and insurer if it wants to opt out of providing contraceptive coverage, in accordance with the regulations. Plaintiff points to no language in the form to which it objects. Its objection to the form remains predicated on the "trigger" theory, as this Court found, so plaintiff can establish no likelihood of success on the merits of this claim.

Morever, compelling precedent supports the Court's decision. In *University of Notre Dame v. Sebelius*, the Seventh Circuit found this claim was one that did not "warrant discussion," 743 F.3d 547, 560 (7th Cir. 2014) (*Notre Dame II*), but affirmed the district court's order, which denied this claim, because "the government isn't forcing Notre Dame to do *or say* anything it wouldn't do or say otherwise . . . It can't be called compulsion for Notre Dame to do what it has done, does and will do anyway." *University of Notre Dame v. Sebelius*, --- F. Supp. 2d ---, 2013 Wl 6804773 at *20 (N.D. Ind. Dec. 20, 2013) (*Notre Dame I*). Similarly, the Sixth Circuit also rejected this claim on the basis that the plaintiffs' objection was based on the fallacy that the form "triggers" the provision of contraceptive coverage, and on the finding that the form "is not speech that the appellants disagree with and so cannot be the basis of a First Amendment claim." *Michigan Catholic Conf. v. Burwell*, --- F.3d ---, 2014 WL 2596753 at *13 (6th Cir. June 11, 2014). For these reasons, the Court should deny plaintiff's motion to reconsider its denial of relief on plaintiff's "compelled speech" claim.

**B. This Court cannot grant plaintiff the relief it seeks on its Free Speech Clause challenge to the non-interference regulation.**

In its June 23, 2014 Order, the Court found plaintiff had "some" likelihood of success on the merits of its Free Speech Clause challenge to 29 C.F.R. § 2590.715-2713A(b)(1)(iii)—the non-interference provision of the regulations (which plaintiff refers to as the "gag rule")—but correctly found that the only possible relief it could grant plaintiff on this claim would be limited to preliminarily enjoining the government from enforcing only that provision of the regulations. Yet the Court correctly refrained from granting such relief in the Order and should continue to do so now for several reasons.

First, while defendants respectfully disagree with the Court's finding that plaintiff established some likelihood of success on the merits of its claim regarding the non-interference provision, the Court correctly found that the only relief potentially available to plaintiff on this claim would be a narrow injunction against the enforcement of this specific provision, not the relief plaintiff sought in its motion, namely enjoining the government from enforcing the other regulatory requirements of the accommodation, such as signing the self-certification form and transmitting it to plaintiff's insurer and TPA, that are prerequisites to allowing plaintiff to opt out of providing contraceptive coverage. In seeking reconsideration, plaintiff still has not requested relief tailored to the non-interference provision—instead, it renews its request for an injunction against the entire accommodation. As explained below, plaintiff's challenge to the non-interference provision cannot justify such sweeping relief. And because plaintiff has declined to seek a narrower injunction against enforcement of the non-interference provision, the Court need not and should not consider whether such an injunction might be appropriate. In any event, plaintiff has not made the showing required to justify an injunction against enforcement of the

non-interference provision. For example, it is not clear that plaintiff intends to sign and transmit the self-certification form in the event that it fails to obtain a broader injunction from this Court or the Court of Appeals. But, if it does not do so, it will not be subject to the non-interference provision at all and so will have no basis for an injunction against the provision's enforcement.

Second, although plaintiff now asks the Court to grant it the broad relief it sought in its preliminary injunction motion on the basis of the Court's very narrow finding of some likelihood of success on the merits of on this one claim, plaintiff fails to identify any basis on which it is legally entitled to such relief.[2] To the extent plaintiff requests that the government be enjoined from enforcing the entire regulatory scheme to give the parties more time to further brief these issues—which have been exhaustively briefed before this Court, and were thoroughly addressed in the Court's Order—plaintiff's request meets none of the criteria for either reconsideration or injunctive relief.

Third, injunctive relief on plaintiff's non-interference provision claim is unwarranted. As defendants have explained in their previously filed memoranda, the non-interference provision does not regulate protected speech. Defendants interpreted the regulation only to proscribe a self-certifying organization from using its economic power to coerce or induce a third-party administrator into not fulfilling its independent legal obligations to provide contraceptive

---

[2] Plaintiff's only argument for granting the relief it requests seems to be that the Court should enjoin enforcement of the regulations to provide plaintiff an additional opportunity to brief this issue, because plaintiff alleges that questions of "remedy and severance for a likely First Amendment violation can be complicated." Pl.'s Mot. at 6. However, no further briefing on these questions is necessary. Even if, contrary to defendants' objections, the Court did enjoin defendants from enforcing the non-interference provision, all of the additional provisions that plaintiff challenged "will remain fully operative as a law and will still function in a way consistent with Congress' basic objectives in enacting the statute." *Nat'l Fed'n of Indep. Business v. Sebelius*, 132 S. Ct. 2566, 2608 (2012) (internal quotations omitted).

coverage. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997) (agency interpretations of their regulations must be accorded deference, even when expressed in a legal brief). Such "threat[s] of reprisal or force or promise[s] of benefit" are "without the protection of the First Amendment." *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 617-18 (1969); *see also United States v. Williams*, 553 U.S. 285, 298 (2008).

Plaintiff states that it "seeks the freedom to say things like" those noted in a list of hypothetical statements plaintiff has offered. Pl.'s Mot. at 3. To the extent plaintiff wishes to make assertions about the TPA's independent regulatory obligations, the non-interference provision would be inapplicable. To the extent plaintiff proposes to coerce the TPA by threatening economic reprisal if the TPA fulfills its independent legal obligations, however, the provision would apply and such application to economically coercive activity would raise no First Amendment concern. Regardless of what plaintiff says to its TPA, once plaintiff has opted out of providing contraceptive coverage by completing the self-certification form and providing it to its TPA—two prerequisites of the accommodation that this Court has upheld—plaintiff's current TPA, or any other TPA plaintiff chooses, is independently obligated to provide contraceptive coverage, by operation of law.

## III. Plaintiff cannot establish eligibility for an injunction pending appeal.

Plaintiff moves for an injunction pending appeal "for the reasons stated [in its motion], the reasons stated in the prior preliminary injunction papers, and the reasons stated in the prior summary judgment papers." Pl.'s Mot. at 9. However, the standard for such relief is identical to the standard for the relief this Court denied to plaintiff in its order denying plaintiff's motion for a preliminary injunction. *See* Order. The Court properly found plaintiff's arguments insufficient to justify such relief, because, among other reasons, plaintiff is unlikely to succeed on the merits

of its claims challenging the regulations in full. So did the Seventh Circuit in *Notre Dame II* and the Sixth Circuit in *Michigan Catholic Conference* when faced with the same arguments. For the reasons set out in defendants' memorandum in opposition to plaintiff's motion for preliminary injunction, ECF No. 59, and for all the reasons set out in the Court's opinion denying that motion, plaintiff's motion for an injunction pending appeal should likewise be denied.

**CONCLUSION**

For the foregoing reasons, defendants respectfully ask that the Court deny plaintiff's emergency motion to reconsider or, in the alternative, motion for injunction pending appeal.

Respectfully submitted June 27, 2014,

STUART F. DELERY
Assistant Attorney General

ZACHARY T. FARDON
United States Attorney

JENNIFER RICKETTS
Director

SHEILA M. LIEBER
Deputy Director

/s/ Julie S. Saltman
JULIE S. SALTMAN (DC Bar No. 975015)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W., Room 7111
Washington, D.C. 20530
Tel: (202) 532-4252
Fax: (202) 616-8470
Email: Julie.saltman@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

_/s/ Julie S. Saltman__________
JULIE S. SALTMAN