IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WHEATON COLLEGE, *Plaintiff*, v. ERIC D. HARGAN, *et al.*, *Defendants*. | No. 1:13-cv-8910  **JOINT STATUS REPORT** |

The parties submit this joint status report and motion pursuant to this Court's order of December 15, 2017 (ECF No. 113). The parties now agree that the mandate in question violates the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq* (RFRA). The parties agree that a final resolution of the RFRA issue (Count I of the complaint, ECF Docket No. 1) would likely eliminate the need for the parties to litigate the remaining claims for relief in the complaint (Counts II-XVI).

On October 6, 2017, Defendants issued interim final rules attempting to lift the burden on religious exercise for Wheaton and other religious objectors. *See* "Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act," 82 Fed. Reg. 47792 (the "IFRs"). Two district courts have issued preliminary injunction against the issuance of the IFRs for failure to comply with the APA. *Pennsylvania v. Trump*, No. CV 17-4540-WB, 2017 WL 6398465 (E.D. Pa. Dec. 15, 2017); *California v. U.S. Dep't of Health & Human Servs.*, No. 17-CV-05783-HSG, 2017 WL 6524627 (N.D. Cal. Dec. 21, 2017). In the course of litigating these and other challenges to the IFRs, Defendants have taken positions on the application of RFRA to the mandate that are sufficient to resolve Wheaton's RFRA claim here. In

particular, Defendants have recognized that objecting religious organizations, such as Wheaton, have a valid claim under RFRA for exemption from the mandate. Defendants recognize that requiring objecting entities to comply with the Mandate or the accommodation creates a substantial burden, and requiring such compliance does not serve a compelling government interest. In Defendants' view, the accommodation does not alleviate the substantial burden because the accommodation with respect to self-insured plans requires contraceptive coverage as part of the same plan as the coverage provided by the employer.

Accordingly, Plaintiffs ask that the stay be lifted. In the event the stay is lifted, the parties agree that the following briefing schedule should be established so that the Plaintiffs can file a motion for a permanent injunction under RFRA (Count I). Such relief would likely permit the remainder of the live claims in the complaint (Counts II-XVI) to be dismissed as moot, thus bringing the case to conclusion.

- Plaintiffs propose to file a motion for a permanent injunction by January 18, 2018;
- Defendants propose to file any response to Plaintiffs' motion for a permanent injunction by February 1, 2018.
- Plaintiffs propose to file any reply by February 8, 2018.

DATED: January 5, 2018								Respectfully submitted,

ETHAN P. DAVIS
Deputy Assistant Attorney General

JOEL McELVAIN
Assistant Director, Federal Programs
    Branch

/s/ *Emily Newton*
EMILY NEWTON (VA Bar # 80745)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
phone: (202) 305-8356
fax: (202) 616-8470
email: emily.s.newton@usdoj.gov

*Counsel for Defendants*

*/s/ Mark Rienzi*
Mark Rienzi
Diana Verm
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Ste. 700
Washington, DC 20036
(202) 955-0095 (tel.)
(202) 955-0090 (fax)

Christian Poland
Bryan Cave LLP
161 N. Clark St., Suite 4300
Chicago, IL  60601-3315
(312) 602-5085 (tel.)
Christian.Poland@bryancave.com

*Attorneys for Plaintiff Wheaton College*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                   */s/ Mark Rienzi*
                                                   MARK RIENZI