IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHEATON COLLEGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-cv-8910 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ALEX AZAR, Secretary, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH and HUMAN SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PERMANENT INJUNCTION AND DECLARATORY RELIEF**

For the reasons stated below, Plaintiff Wheaton College's ("Wheaton") motion for permanent injunction [116] is granted.

**STATEMENT**

By way of background, this case has been pending for more than three years during which time the legal and regulatory landscape concerning the application of the Religious Freedom and Restoration Act ("RFRA") to the "contraceptive mandate" imposed under the Affordable Care Act has evolved. At the time that Wheaton's request for a preliminary injunction first came before the Court [see 58], the Seventh Circuit's controlling decision in *University of Notre Dame v. Sebelius*, 743 F.3d 547 (7th Cir. 2014), mandated a decision in favor of Defendants. As the Court observed in its opinion denying Wheaton's motion, in *Notre Dame*, "Judge Flaum filed a well-reasoned dissenting opinion explaining why he would have granted a preliminary injunction forbidding the government from penalizing the university for refusing to comply with the self-certification requirement" imposed under the ACA's implementing regulations. [See 62, at 9 n.3 (citing *Notre Dame*, 743 F.3d at 562 (Flaum, J., dissenting)).] Yet,

the Court further acknowledged that it was "duty-bound to apply" the decision of the panel majority [see *id.*], while inviting any party to "file a motion for reconsideration of this order" should any decision of the Supreme Court "call into question any material aspect of the Seventh Circuit's controlling decision" in *Notre Dame* [see *id*. at 2]. On appeal of this Court's ruling, the Seventh Circuit affirmed. *Wheaton College v. Burwell*, 791 F.3d 792 (7th Cir. 2015). This case was then stayed pending the Supreme Court's consideration of *Zubik v. Burwell*, 136 S. Ct. 1557 (2016).

In the intervening years, the law has changed along the lines suggested by Judge Flaum. Following oral argument in *Zubik*, the Supreme Court vacated the decisions of several circuits and remanded the cases so that the parties could be "afforded an opportunity to arrive at an approach going forward" that both "accommodates [the religious employers'] religious exercise" and ensures that "women covered by [their] health plans 'receive full and equal health coverage, including contraceptive coverage.'" 136 S. Ct. at 1560. After reconsideration of their position, Defendants now agree that enforcement of the currently operative rules regarding the "contraceptive mandate" against employers with sincerely held religious objections would violate RFRA, and thus do not oppose Wheaton's renewed motion for injunctive and declaratory relief. Defendants have simply requested certain limitations [see 117, at 2] on the scope of the relief requested by Wheaton, to which Wheaton has no objection [see 118, at 1]. After considering the parties' briefs submitted on the motion for a permanent injunction, including Defendants' concessions on the merits of Wheaton's claims, the Court agrees that Wheaton is entitled to a permanent injunction.

In particular, the Court concludes that the Wheaton has met the standards necessary for injunctive relief:

- Wheaton has demonstrated, and Defendants now concede, that enforcement of the contraceptive mandate against Wheaton would violate Wheaton's rights under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb;

- Wheaton will suffer irreparable harm to its ability to practice its religious beliefs, harm that is the direct result of Defendants' conduct, unless Defendants are enjoined from further interfering with Wheaton's practice of its religion;

- The threatened injury to Wheaton outweighs any injury to Defendants resulting from this injunction; and

- The public interest in the vindication of religious freedom favors the entry of an injunction.

The Court therefore orders that Defendants, their agents, officers, and employees are enjoined and restrained from any effort to apply or enforce the substantive requirements imposed in 42 U.S.C. § 300gg-13(a)(4) as those requirements relate to provision of contraceptive coverage services which violate Wheaton College's conscience, and are enjoined and restrained from pursuing, charging, or assessing penalties, fines, assessments, or any other enforcement actions for noncompliance related thereto, including those found in 26 U.S.C. §§ 4980D, 4980H, and 29 U.S.C. §§ 1132, 1185d and including, but not limited to, penalties for failure to offer or facilitate access to religiously-objectionable contraceptives, procedures, and related education and counseling, against Wheaton College and its insurers and third-party administrators, as their conduct relates to Wheaton College's health plans.

Date: February 22, 2018

_____
Robert M. Dow, Jr.
United States District Judge